UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CELENA PARKER, as Personal
Representative for the ESTATE
OF DAMITA K. PARKER, deceased,

    Plaintiff,

Case No. 20-12475

v.

Hon. Denise Page Hood

WILLIAM BEAUMONT HOSPITAL
d/b/a BEAUMONT HOSPITAL, ROYAL
OAK, BEAUMONT HEALTH d/b/a
ROYAL OAK HOSPITAL, severally.

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
TO REOPEN FACTUAL DISCOVERY [ECF No. 40]**

**I.   Introduction**

This case was filed on September 9, 2020. The first scheduling order was issued on December 1, 2020, providing for a factual discovery cutoff of May 20, 2021. On May 11, 2021, August 25, 2021, and February 16, 2022, the Court entered stipulated orders extending the factual discovery cutoff to August 20, 2021, December 18, 2021, and April 27, 2022, respectively. ECF Nos. 19, 20, 31.

1

On March 3, 2022, Plaintiff filed a Motion to Compel Discovery, seeking the deposition of defendants' corporate representative under Federal Rule of Civil Procedure 30(b)(6) on four topics:

1. The business relationship between Defendant and each American Sign Language interpreter service and/or company which provided accommodations and/or interpreter services to deaf, hearing-impaired, or hard-of hearing patients and/or patient companions in the Emergency Department at Beaumont Hospital, Royal Oak, in the 2016 calendar year;

2. The total number of patients who presented to Beaumont Hospital, Royal Oak's Emergency Department during the 2016 calendar year;

3. The number of times MARTTI devices were provided to accommodate and/or assist deaf, hearing-impaired, and/or hard-of-hearing patients at Beaumont Hospital, Royal Oak's Emergency Department; and

4. The occasions during which an American Sign Language interpreter was provided to accommodate and/or assist deaf, hearing-impaired, and/or hard-of-hearing patients at Beaumont Hospital, Royal Oak's Emergency Department in the 2016 calendar year.

ECF No. 32-7, PageID.356 (footnoted omitted). The Motion to Compel Discovery was referred to Magistrate Judge Elizabeth Stafford.

On April 19, 2022, the Magistrate Judge conducted a hearing and, on April 20, 2022, held in a written Order that the motion was granted with respect to the third and fourth topics identified above but denied as to the first and second topics.

ECF No. 38, PageID.657. No objection to the Magistrate Judge's Order was filed by any party.

Before the Magistrate Judge held the April 19, 2022 hearing, "Defendants produced various documents responsive to Plaintiff's notice in lieu of producing a witness." ECF No. 40, PageID.707. Plaintiff states that the interpretation of some of those documents remains ambiguous without explanation by a corporate representative. *Id.* On April 26, 2022, Plaintiff served on Defendants a notice of Rule 30(b)(6) deposition stemming from the documents produced by Defendants on April 15, 2022. Defendants objected to the April 26, 2022 notice. On May 4, 2020, Plaintiff filed a Motion to Reopen Factual Discovery. ECF No. 40. Plaintiff moves the Court to reopen discovery for a period of 30 days to permit Plaintiff to complete the Rule 30(b)(6) deposition she noticed on April 26, 2022. Defendants filed a response brief, and no reply was filed.

The Court denies Plaintiff's Motion to Reopen Factual Discovery.

**I.** Applicable Law

Rule 16 of the Federal Rules of Civil Procedure grants this Court discretion to revive and extend scheduling order dates upon good cause shown. Courts also consider any prejudice the opposing party may incur by adjourning scheduling order dates. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The factors a court considers when deciding whether to permit additional time for discovery

include the following: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). The overarching inquiry addressed by these five factors amounts to whether the moving party exercised diligent efforts to meet the deadlines set by the court's scheduling order. *Id*. Whether the adverse party will be prejudiced by the modification of the scheduling order is also of relevance to the court's determination. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

**II.** Analysis

In her April 26, 2022 Notice of Deposition, *Duces Tecum*, Plaintiff seeks testimony of the corporate representative(s) most knowledgeable regarding the following:

**TOPICS FOR TESTIMONY**

1. The individual responsible for monitoring Beaumont Royal Oak's Emergency Department's compliance with policy No. 315, dated June 29, 2016, in the 2016 calendar year, that individual's qualifications, and actions taken to ensure implementation of, and compliance with, policy No. 315.

2. The individual responsible for monitoring Beaumont Royal Oak's Emergency Department's compliance with policy No. 315-1, dated June 29, 2016, in the 2016 calendar year, that

individual's qualifications, and actions taken to ensure implementation of, and compliance with, policy No. 315-1.

      3.    The Americans with Disabilities Act ("ADA") and/or civil rights coordinator and/or committee, and/or civil rights compliance officer and/or committee at Beaumont Royal Oak or Beaumont Royal Oak's Emergency Department responsible for monitoring compliance with, and violations of, Title III of the ADA, 42 U.S.C. §12182(a), et seq, §504 of the Rehabilitation Act, 29 U.S.C. §794 ("RA"), the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 31.1101, et seq, and the Patient Protection and Affordable Care Act, 42 U.S.C. §18116 ("ACA"), the actions taken to implement policies in compliance with the ADA, RA, PWDCRA, and ACA, and actions taken to ensure compliance with the ADA, RA, PWDCRA, and ACA throughout the 2016 calendar year.

      4.    The individual and/or committee at Beaumont Royal Oak, and/or Beaumont Royal Oak's Emergency Department responsible for reporting and documenting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182(a), et seq ("ADA"), §504 of the Rehabilitation Act, 29 U.S.C. §794 ("RA"), the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 31.1101, et seq, and the Patient Protection and Affordable Care Act, 42 U.S.C. §18116 ("ACA"), including Beaumont's and Beaumont Royal Oak's Emergency Department's specific policies and procedures for reporting and documenting such violations throughout the 2016 calendar year.

## REQUEST TO PRODUCE

Deponent is requested to produce **all documents, communication, and EMD relating to the above-mentioned topics at the time of their deposition**. Further requests to produce are as follows:

      1.    The corporate representative(s) and/or designee(s) is requested to produce a copy of his or her updated curriculum vitae at the time of the deposition.

ECF No. 40-5, PageID.914-16.

Specifically, and allegedly stemming from the records produced by Defendants on April 15, 2022, Plaintiff claims to be seeking testimony related to and because:

> additional records exist regarding . . . Beaumont's use of its contracted interpreter services, quality reports concerning their interpreter services, inability to fill interpreter requests, and patient and client dissatisfaction as defined by number of complaints. Additional records produced on April 15, 2022, suggest that Defendants may have systemically failed to provide interpretive services to deaf, hard of hearing, and/or hearing-impaired individuals that presented to Defendants' Royal Oak Emergency Department. These records are directly relevant to Beaumont Royal Oak's failure to accommodate deaf patients and patient companions, including Plaintiff's decedent, and Plaintiff's claims that "Defendants have failed to implement policies, procedures, and training necessary to make its facilities readily accessible to and useable by individuals with disabilities to ensure compliance with" the Rehabilitation Act, Patient Protection and Affordable Care Act, and Title III of the Americans with Disabilities Act and their respective implementing regulations.

ECF No. 40, PageID.707-08.

Defendants argue that the Motion to Reopen Factual Discovery should be denied for several reasons. They claim the April 26, 2022 notice of Rule 30(b)(6) deposition was untimely, as: (a) it was noticed the day before discovery closed, and (b) the deposition was scheduled for a month after discovery closed. Defendant contends that the testimony sought is redundant and duplicative of subjects covered during Rule 30(b)(6) depositions of two corporate representatives conducted in March 2021 and April 2021, and that such a deposition would result in Plaintiff being permitted to take an 11th deposition. Defendants assert that they also will be

6

prejudiced if factual discovery is reopened because of resources previously expended and Plaintiff's quest will be futile.

The Court finds that Plaintiff's motion and April 26, 2022 notice of deposition untimely, redundant and duplicative. As Defendants argue, the topics for which Plaintiff is seeking testimony pursuant to the April 26, 2022 Notice of Rule 30(b)(6) Deposition are substantially similar, if not the same, as the topics Plaintiff identified when noticing Rule 30(b)(6) depositions taken in March and April 2021. *See* ECF No. 42, Exs. 1 and 2 at PageID.952, 963. The two 2021 notices, served (and with the depositions completed) approximately one year prior to the date Plaintiff filed the April 26, 2022 Notice of Rule 30(b)(6) Depositions, sought all of the underlying information for which Plaintiff now seeks to depose the monitor or coordinator overseeing compliance with Policy No. 315, Policy No. 315-1, as well as Defendants' policies and procedures related to the Rehabilitation Act, the ADA, ACA, and PWDCRA.

To the extent Plaintiff has not done so, Plaintiff could have and should have pursued this testimony upon completion of the 2021 depositions were completed in March and April 2021, or at some point long before April 26, 2022, the day before the most recent factual discovery deadline expired. Plaintiff also could have asked the two Rule 30(b)(6) deponents in March and April 2021 any or all of the monitoring compliance questions it now seeks to ask (if she did not do so) – or

7

inquired of those deponents who the appropriate person was to ask about such topics. The Court also finds that Plaintiff has utilized her 10 depositions – or will do so when she completes the deposition permitted by Magistrate Judge Stafford pursuant to her April 20, 2022 Order. ECF No. 38. An 11th deposition, and yet another Rule 30(b)(6) deposition, is not warranted.

For the reasons stated above, the Court denies Plaintiff's Motion to Reopen Factual Discovery.

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Reopen Factual Discovery [ECF No. 40] is DENIED.

Dated: May 23, 2023                     s/Denise Page Hood
                                        Denise Page Hood
                                        United States District Court Judge